**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 26, 2014[*]
Decided December 1, 2014

**Before**

ANN CLAIRE WILLIAMS, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 14-2315

|  |  |
|---|---|
| ALEXANDER A. FELS, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *Plaintiff-Appellant*, | |
| *v.* | No. 14 C 21 |
| SUPREME COURT OF THE UNITED STATES and STATE OF ILLINOIS, | Rebecca R. Pallmeyer, |
| *Defendants-Appellees*. | *Judge*. |

**O R D E R**

Alexander Fels appeals from the dismissal of his complaint alleging that the Supreme Court of the United States and the State of Illinois violated his civil rights by failing to permit him to recant two guilty pleas. Because Fels does not explain in his appellate brief why he believes that the district court erred, we dismiss his appeal.

---

[*] The defendants were not served with process in the district court and are not participating in this appeal. After examining the appellant's brief and the record, we have concluded that the case is appropriate for summary disposition. *See* FED. R. APP. P. 34(a)(2).

After the district court dismissed his first complaint at screening for failure to state a claim, *see* 28 U.S.C. § 1915(e), Fels filed a 95-page amended complaint alleging that he was coerced into pleading guilty to two felonies; that the Attorney General of Illinois failed to investigate violations of his civil rights; and that in a previous case, the Supreme Court wrongly denied his petition for certiorari. The district court dismissed the amended complaint with prejudice, stating that it could not detect a short and plain statement of relief, *see* FED. R. CIV. P. 8(a)(2), and in any event, Fels no longer could challenge his guilty pleas.

On appeal Fels merely restates the allegations made in his complaint. While we construe pro se filings liberally, pro se litigants must nonetheless adhere to procedural rules, *Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008), including Federal Rule of Appellate Procedure 28, which requires that the appellant's brief contain an argument that includes "contentions and the reasons for them, with citations to the authorities and parts of the record." FED. R. APP. P. 28(a)(8)(A); *see Anderson v. Hardman*, 241 F.3d 544, 545–46 (7th Cir. 2001). Fels does not suggest in his brief how the district court erred in dismissing his claims, nor does he cite any applicable legal authority or parts of the record on which he relies.

DISMISSED.